David Evans #AU6627
Name and Prisoner/Booking Number

California Medical Facility
Place of Confinement

P.O. BOX 2000
Mailing Address

Vacaville Ca 95696
City, State, Zip Code

(Failure to notify the Court of your change of address may result in dismissal of this action.)

**FILED**

**Mar 07, 2022**

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

David Arkeem Evans
(Full Name of Plaintiff)
                    Plaintiff,

            v.

(1) Ernesto Diaz et al
(Full Name of Defendant)

(2)

(3)

(4)

                    Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO. __2:22-cv-425-KJN (PC)__
(To be supplied by the Clerk)

" Jury Trial Demanded "

**CIVIL RIGHTS COMPLAINT
BY A PRISONER**

☑ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

### A. JURISDICTION

1.  This Court has jurisdiction over this action pursuant to:
    ☑ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
    ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).
    ☐ Other: _____

2.  Institution/city where violation occurred: Kern Valley State Prison

Revised 3/15/2016

## B. DEFENDANTS

1. Name of first Defendant: _See Complaint_. The first Defendant is employed as:

   _(Position and Title)_    at _____.

   _(Institution)_

2. Name of second Defendant: _See Complaint_. The second Defendant is employed as:

   _(Position and Title)_    at _____.

   _(Institution)_

3. Name of third Defendant: _See Complaint_. The third Defendant is employed as:

   _(Position and Title)_    at _____.

   _(Institution)_

4. Name of fourth Defendant: _See Complaint_. The fourth Defendant is employed as:

   _(Position and Title)_    at _____.

   _(Institution)_

If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?    ☑ Yes    ☐ No

2. If yes, how many lawsuits have you filed? _1_. Describe the previous lawsuits:

   a. First prior lawsuit:
      1. Parties: _David Evans_ v. _D. Struve_
      2. Court and case number: _2:19-cv-01376-KJN_
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _Settlement_

   b. Second prior lawsuit:
      1. Parties: _David Evans_ v. _Martin, et al.,_
      2. Court and case number: _1:21-cv-00093-DAD-BAM_
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _Pending_

   c. Third prior lawsuit:
      1. Parties: _N/A_ v. _N/A_
      2. Court and case number: _N/A_
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _N/A_

If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.

## D. CAUSE OF ACTION

### CLAIM I

1. State the constitutional or other federal civil right that was violated: <u>Eighth Amendment</u>

2. **Claim I**. Identify the issue involved. Check **only one**. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Disciplinary proceedings
   - ☑ Excessive force by an officer
   - ☐ Mail
   - ☐ Property
   - ☐ Threat to safety
   - ☐ Access to the court
   - ☐ Exercise of religion
   - ☐ Other: _____
   - ☐ Medical care
   - ☐ Retaliation

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim I. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   See Complaint

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

   See Complaint

5. **Administrative Remedies:**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☑ Yes  ☐ No
   b. Did you submit a request for administrative relief on Claim I? ☑ Yes  ☐ No
   c. Did you appeal your request for relief on Claim I to the highest level? ☑ Yes  ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

## CLAIM II

1. State the constitutional or other federal civil right that was violated: _____
_____

2. **Claim II.** Identify the issue involved. Check **only one**. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Disciplinary proceedings
   - ☑ Excessive force by an officer
   - ☐ Mail
   - ☐ Property
   - ☐ Threat to safety
   - ☐ Access to the court
   - ☐ Exercise of religion
   - ☐ Other: _____
   - ☐ Medical care
   - ☐ Retaliation

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim II. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

_____ See Complaint _____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
_____ See Complaint _____
_____
_____

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☑ Yes ☐ No
   b. Did you submit a request for administrative relief on Claim II? ☑ Yes ☐ No
   c. Did you appeal your request for relief on Claim II to the highest level? ☑ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____

**CLAIM III**

1.  State the constitutional or other federal civil right that was violated: _See Complaint_

2.  **Claim III.** Identify the issue involved. Check **only one**. State additional issues in separate claims.
    - ☐ Basic necessities
    - ☐ Disciplinary proceedings
    - ☐ Excessive force by an officer
    - ☐ Mail
    - ☐ Property
    - ☐ Threat to safety
    - ☐ Access to the court
    - ☐ Exercise of religion
    - ☐ Other: _____
    - ☐ Medical care
    - ☑ Retaliation

3.  **Supporting Facts.** State as briefly as possible the FACTS supporting Claim III. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

    _See Complaint_

4.  **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

    _See Complaint_

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☑ Yes ☐ No
    b.  Did you submit a request for administrative relief on Claim III? ☑ Yes ☐ No
    c.  Did you appeal your request for relief on Claim III to the highest level? ☑ Yes ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

If you assert more than three Claims, answer the questions listed above for each additional Claim on a separate page.

## E. REQUEST FOR RELIEF

State the relief you are seeking:

See Complaint

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _March 4, 2022_
            DATE

_____
SIGNATURE OF PLAINTIFF

_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)

_____
(Signature of attorney, if any)

_____
_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form. If you need more space you may attach more pages, but you are strongly encouraged to limit your complaint to twenty-five pages. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages. Remember, there is no need to attach exhibits to your complaint.

In The United States District Court

For The Eastern District of California

David Arkeem Evans                    Case No:

    Plaintiff

    V.

Ernesto Diaz, et al.,                 Civil Rights Complaint for Declaratory

    Defendants                and Monetary Damages Pursuant to

                              42 U.S.C section 1983

                              Jury Trial Demanded

David Arkeem Evans (hereinafter) Plaintiff) alleges as follows:

                I. Introduction

This is a civil rights complaint seeking redress through declaratory, monetary, and punitive damages over the egregious multi-tiered misconduct in the forms of unnecessay, excessive force, failure to protect and or intervene, basic necessities, retaliation, and medical care. These abusive conditions of confinement against Plaintiff by named defendant(s) while plaintiff was housed at Kern Valley State Prison (hereinafter "KVSP") in the California Department of Corrections hereinafter "CDCR". All defendants worked under color of authority, and state law, as employees of CDCR at KVSP. Plaintiff will show Totality of Conditions' that he was subjected to arising out of the same transaction, occurrence, or series of transactions or occurrences. Under Rule 20 of Federal Rules of Civil Procedure (a)(2) plaintiff will show a nexus joining Defendants in this complaint.

"

## II. Jurisdiction and Venue

1. This is a civil rights action under 42 U.S.C. §1983 to redress the egregious, wanton, malicious and sadistic, unnecessary and excessive force used against Plaintiff, failure to report/protect and or intervene, retaliation, deprivation of basic necessities, and medical care by named defendants, herein, acting under color of state law, which deprived plaintiff of rights, privileges and protections, which defendants were obligated to provide, and are guarranteed by the Eighth, First, and Fourteenth Amendment of the United States Constitution. This court has jurisdiction pursuant to 28 U.S.C. §1331 and §1343.

2. This court has jurisdiction over plaintiffs action for declaratory, punitive, and monetary relief/damages pursuant to 28 U.S.C. §2201 and Rule 57 of the Federal Rules of Civil Procedure.

3. Venue is proper in the Eastern District of California under 28 U.S.C. §1391(b)(2) because all of the events giving rise to the claims occurred at KVSP, in the Eastern District of California.

## III. Parties

4. Plaintiff is incarcerated, and was at all relevant times to this action a inmate housed in the CDCR, at KVSP.

5. Defendant John Martin was at all relevant times to this action a Correctional officer (hereinafter "C/O") employed by CDCR, who at all relevant times mentioned, herein, held the rank of Sergeant (hereinafter "Sgt.") and was assigned as such a KVSP. Defendant Martin is being sued in his official and individual capacities.

6. Defendant Christian Pfeiffer is the Warden of KVSP, and responsible for supervising, disciplining, and providing necessary training for all correctional officers and staff employed at KVSP. He is responsible for the welfare and safety of inmates in that prison. Defendant Pfeiffer is being sued in his official capacity.

7. Defendant Heather Diaz is a Clinical Psychologist employed by the CDCR, assigned to KVSP, who at all relevant times to this action held the title of a Psychologist. Defendant Heather Diaz is being sued in her official and individual capacities.

8. Defendant John Bradford is a Psychologist employed by the CDCR, assigned to KVSP, whom at all relevant times to this action held the title of Psychologist. He is being sued in his official and individual capacities.

9. Defendant W. Mathews was at all relevant times to this action, employed by CDCR, assigned to KVSP as a Lieutenant (hereinafter "Lt.") Defendant Mathews is being sued in his individual and official capacities.

10. Defendant Stanley is at all relevant times to this action employed by CDCR as a Sergeant (hereinafter "Sgt."), assigned to KVSP. Defendant Stanley is being sued in his individual and official capacities.

11. Defendant Ernesto Diaz is at all relevant times to this action, employed by CDCR as a Correctional Officer (hereinafter "C/o"), assigned to KVSP. Defendant Ernesto Diaz is being sued in his individual and official capacities.

12. Defendant Anthony Reed is at all relevant times to this action employed by CDCR as a correctional Officer (hereinafter "C/o"), assigned to KVSP. Defendant Anthony Reed is being sued in his individual and official capacities.

13. Defendant Cristian Ramirez is at all relevant times to this action employed by CDCR as a Correctional Officer (hereinafter "C/o)" assigned to KVSP. Defendant Cristian Ramirez is being sued in his individual and official capacities.

14. Defendant A. Aguilar at all times to this action employed by CDCR as a Correctional officer (hereinafter "C/o"), assigned to KVSP. Defendant A. Aguilar is being sued in his individual and official capacities.

15. Defendant E. Figueroa at all times relevant to this action, employed by CDCR, assigned to KVSP as a Correctional officer (hereinafter "C/o"). Defendant E. Figueroa is being sued in his individual and official capacities.

1  16. Defendant Marin is at all relevant times to this action employed by CDCR
2  as a Correctional Officer (hereinafter "C/O") assigned to KVSP. Defendant Marin is
3  being sued in his individual capacity

4                          Previous Lawsuits

5  17. Plaintiff has filed other lawsuits in the Federal Courts dealing with the
6  same and or similar facts involved in this action:
7      i.   (a) Parties to previous lawsuit
8           Plaintiff: David Evans #AU06627  in pro se
9           Defendant: D. Struve
10          (b) Eastern District Court, State of California
11          Case No. 2:19-CV-1376-KJN
12          (c) Disposition: Settled
13          (d) Issues raised: Cruel & Unusual Punishment/Deliberate Indifference
14          (e) Approx. date case filed: February 2019
15          (f) Approx. date of disposition: October 2021
16      2.   (a) Parties to previous lawsuit
17          Plaintiff: David Evans #AU06627  In pro se
18          Defendants: R. Jolly et al.,
19          (b) Eastern District Court, State of California
20          Case no: 1:21-CV-00093-DAD-BAM
21          (c) Disposition: Oder referring case to post-screening
22              ADR and staying case
23          (d) Issues raised: Cruel & Unusual Punishment/Deliberate Indifference
24          (e) Approx. date case filed: January 2021
25          (f) Approx. date of disposition: March 3, 2022
26  18. Yes, Plaintiff has sought and exhausted all administrative available
27  remedies, at each level he was denied relief sought through the Third
28  level Review, which exhaust all relief available administratively

## Statement of Facts

19. On January 19, 2019 Plaintiff was placed in administrative segregation at approx. 1520 hrs. and placed in a Mental Health Treatment Room holding cage

20. The unit supervisor defendant Sgt. Martin came into the Treatment Room and asked Plaintiff about the events that brought him to Ad-seg

21. Plaintiff explained his suicidal ideations and safety concerns regarding his sexual orientation/identity and incriminating photos being leaked on social media

22. Defendant, Sgt. Martin shook his head and laughed and called Plaintiff a Faggot before leaving the room

23. Plaintiff was taken by c/o defendant Ernesto Diaz to be screened by medical staff outside the Treatment Room

24. Plaintiff informed Psych. Tech. Mathews he was feeling suicidal

25. Plaintiff was placed back in the Mental Health Treatment Room holding cage and left handcuffed as it's proper protocol when a inmate is suicidal

26. Plaintiff began banging his head on the holding cage door several times

27. Without warning, asking, or ordering Plaintiff to stop Defendant c/o Ernesto Diaz sprayed Plaintiff with his MK-9-OC spray.

28. Defendant E. Diaz Diaz left Plaintiff alone with the door closed to the Treatment Room

29. By defendant E. Diaz closing the Treatment Room door it trapped Plaintiff inside with the fumes of the MK-9-OC pepper spray with no ventilation, essentially turning the room into a gas chamber.

30. MK-9-OC pepper spray has several effects: swelling of mucous membrane, eyes, nose and throat, nasal, and sinus discharge, coughing, shortness(difficulty) of breathing, involuntary eye closure/complete blindness, painful burning of the skin, hyper ventilation, and psychological effects: fear, anxiety and panic. see exhibit "1"

31. Plaintiff started choking and yelling, "I can't breathe! Help!"

32. Being handcuffed Plaintiff turned to face the back of the cage and started mule kicking the cage door while continuing to yell for help

33. Plaintiff could hear the Treatment Room door opened, and upon information and belief, Plaintiff was sprayed with two more cans of MK-9-OC pepper spray by both defendants C/O E. Diaz and C. Ramirez in order to subject and prolong the infliction of pain and suffering

34. Falsely, defendants allege in their incident report that Plaintiff was continuing to bang his head and refusing orders to stop, so they sprayed him in the "facial area", both with only a 3 second burst of MK-9-OC pepper spray.

35. Plaintiffs CDCR 7219 shows he was actually sprayed to the back of his body and was saturated (drenched) with OC-spray see exhibit " 2 "

36. Again the Treatment Room door was closed by defendants simply to induce more pain and suffering, torturing and tormenting Plaintiff without justification, Knowing how difficult it was for Plaintiff to breathe

37. Plaintiff could hear someone in the adjacent hallway giving orders, "Let's do this the right way, go grab your helmet, face, and riot shield"

38. Upon information and belief Plaintiff has ascertained that the person giving orders to Defendant(s) to preform an illegal cell extraction was the unit supervisor defendant Sgt. Martin

39. Fearing he was about to be cell extracted Plaintiff repositioned his handcuffs from behind his back to the front of his body, sat down on the stool with his buttocks, faced the rear of the cage, and braced himself for the attack he felt coming

40. Although Plaintiffs behavior did not warrant it, Defendants initiated a brutal cell extraction

41. The holding cage door was opened and upon information and belief defendant C/O Reed rammed Plaintiff with the riot shield, utilizing his body weight to pin plaintiff to the desk, rendering Plaintiff incapable of physical movement. (Defendant Reed is approx. 400 lbs.)

42. Plaintiff could hear a variety of voices giving him orders to give them his ankles to be shackled in leg restraints, however, Plaintiff was physically unable to comply with these orders because defendant c/o Reed had him pinned down.

43. Plaintiff yelled as loud as he could repeatedly, "I cant move my legs"

44. Defendants responded with multiple batons and beat Plaintiff's body

45. In Defendant c/o Aguilar's report, he reported seeing defendant c/o Ramirez with his baton in his hand as he approached the Treatment Room  see exhibit "3"

46. Defendants ordered Plaintiff again for him to give them his legs but Plaintiff could not physically comply and said so, yelling, "I can't! The weight has my legs pinned under the desk unable to move".

47. Defendants continued to beat Plaintiff with their batons

48. Defendants knew Plaintiff was unable to move, due to being pinned with the riot shield, yet, intentionally and purposely gave Plaintiff orders to extend his legs backwards to be shackled, just to beat him for not being physically able to comply.

49. This tormented and anguished Plaintiff because even though Plaintiff knew mentally he couldn't comply physically. he nonetheless attempted to do so, hoping and praying that the beating would stop, but it didn't.

50. Finally defendant c/o Reed moved the shield enough for Plaintiff to get on his knees from the sitting position, extend his legs backward to be placed in leg restraints

51. Upon information and belief, defendant c/o E.Diaz applied the leg restraints excessively tight around Plaintiffs ankles, then defendants c/o Diaz and c/o Ramirez grabbed Plaintiff by the chain of the shackles and violently snatched Plaintiff, dragging him out of the Treatment Room into the hallway, causing excruciating pain to Plaintiffs ankles as the shackles cut into the flesh of Plaintiffs skin

52. In Defendants reports they falsely report that when they allegely let Plaintiff out the cage for decontamination Plaintiff rushed the riot shield

1. However not only couldn't Plaintiff see from being pepper sprayed and could
2. hardly breathe, defendant c/o E. Diaz reported that he told other defendants
3. that he witnessed Plaintiff slip his cuffs to the front of his body meaning they
4. would've never opened the holding cage door to escort Plaintiff in Ad-Seg
5. without first recuffing Plaintiff. see exhibit "4"
6. 53. In the hallway while Plaintiff was fully in restraints in both hand and leg
7. restraints and blind from pepper spray he layed there without provacation, he
8. was brutally beaten by multiple officers defendants Martins, E. Diaz, Reed, Ramirez,
9. and Marin while defendants c/o Aguilar and Figueroa failed to intervene and
10. 54. Dispite Plaintiff Pleas and crys for them to stop and there being no ligitimate
11. penological need or provacation defendants continued to beat Plaintiff
12. 55. Plaintiff tried desperately to block the blows of blunt force delivered viciously to
13. the face and the back of his head, but was held down as defendants repeatedly
14. punched him in both eyes, back of head, and entire body, kicking and stepping on with
15. their boots and hitting him with their batons.
16. 56. The brutality was relentless and lasted until Plaintiff was eventually rendered
17. unconscious, bloody, with lacerations, contusions, and bruises all over see exhibit "2"
18. 57. Upon information and belief defendant(s): Ad-Seg unit Supervisor Sgt. Martin,
19. c/o E. Diaz, Ramirez, Reed, Marin, and Aguilar were personally involved in the
20. unwarranted, unlawful, unnecessary and excessive use of force see exhibit "4A"
21. 58. Upon information and belief defendant(s) c/o Aguilar and Figueroa failed
22. to protect plaintiff by failing to intervene as they all were personally in the
23. area and had an reasonable opportunity and duty to do so see exhibit "3" "3A"
24. 59. Plaintiff regained consciousness as he was being re-cuffed behind his back
25. with defendant Reed on his back using his forearm across Plaintiffs shoulder
26. blades.
27. 60. Plaintiff was lifed to his feet but couldn't walk because the shackles were
28. excessively tight and cutting into Plaintiffs skin, they had to be readjusted

61. Plaintiff was escorted to the A-Pod shower for decontamination for the pepper spray

62. While inside the shower, Plaintiff heard defendants talking about the boot prints visible on Plaintiffs T-Shirt and Boxers both (white). and heard defendant Martin order they be cut off.

63. Plaintiff complained the water temperture was too hot to decontaminate so Defendant Martin suggested the Janitors closet for cool running water

64. Before leaving the shower Plaintiff requested that he be allowed to cover up because he was completely nude, however, was denied.

65. Plaintiff heard defendant state, "Your a fag anyway, you'll like this", Plaintiff was escorted nude from A-Pod shower to the Janitors closet in front of inmates and both male and female CDCR staff.

66. Plaintiff asked on a Form 22 why he wasn't allowed to be covered, however, recieved no reply  See exhibit "5"

67. This traumatized Plaintiff with immeasurable embarrassment, shame, humiliation and degradation because of his feeling and insecurities about his penis and hearing people laugh and make comments made it worse.

68. Plaintiff has been diagnosed with Gender Dysphoria: Distress caused by conflict between a persons gender identity and the sex the person had and or identified as having at the time of birth See exhibit "6"

69. After being decontaminated, Plaintiff was taken to the Correctional Treatment Center (hereinafter "CTC") and then sent to the outside hospital for further evaluation

70. At the outside hospital Plaintiff recieved a CT scan for concussion protocol, X-rays for possible fractured ribs, stiches to close a wound over his right eye, and treated for multiple contusions to the face, scalp, facial abrasions and extremities See exhibit "7"

71. Upon re-entry back into "KVSP" Plaintiff informed staff that he was still

1    having suicidal ideations and was sent back to Ad-Seg but placed on suicide

2    watch.

3    72. On January 20, 2019 defendant Dr. Heather Diaz came to screen Plaintiff for

4    suicide risk assessment

5    73. Plaintiff had first spoken with defendant H. Diaz the morning of January 19, 2019

6    when he first reported he suicidal ideations, however, she informed Plaintiff that

7    the crisis bed couldn't help him and refused to admit Plaintiff.

8    74. Defendant H. Diaz asked Plaintiff, "What seems to be the problem?"

9    75. Plaintiff responded, "I wanna die!"

10   76. Defendant H. Diaz smirked and sarcastically asked, "And how did that work out

11   for you yesterday?"

12   77. Defendant H. Diaz could visibly see that Plaintiff had been beaten.

13   78. Plaintiff said, "I was beaten"

14   79. Defendant H. Diaz denied/refused to treat Plaintiffs serious medical need of

15   suicide prevention and told Plaintiff, "As I told you yesterday, crisis bed can't help

16   you.

17   80. Feeling helpless and hopeless and having been denied intervention for his

18   suicidal ideations, Plaintiff swallowed two(2) razor blades with the intent on

19   killing himself and was observed by the Psych. Tech. assigned to observe him

20   on suicide watch see exhibit "9"

21   81. Plaintiff was then sent back to the outside hospital

22   82. Before leaving KVSP with in CTC, Plaintiff was seen by another

23   Psychologist, defendant Dr. John Bradford for another suicidal assessment

24   83. Defendant Bradford informed Plaintiff the he was told by defendant H. Diaz

25   that Plaintiff was not suicidal, Plaintiff was just trying to get back closer to his

26   family and transferred to SAC.

27   84. Plaintiff believes defendants H. Diaz and Bradford thinks Plaintiff was trying to

28   become EOP

85. Defendant Bradford refused to admitt Plaintiff to the crisis bed for suicide prevention because defendant H. Diaz lied and informed him Plaintiff was disrespectful to her even with (2) razors in his stomach.

86. Plaintiff was taken to the outside hospital were he signed a waiver releasing the hospital Doctor of liability because Plaintiff refused treatment hoping that the 2 razors he ingested killed him to end the physical and emotional pain

87. When Plaintiff returned from the hospital and left CTC talking with the on-call Psychologist he was again placed in Ad-Seg

88. On January 21, 2019 at approx. 0100 hrs. Plaintiff was awaken by Sgt. John Doe stating, "Your going to crisis bed."

89. Upon information and belief Plaintiff was admitted to the crisis bed by the on call Psychologist Dr. John Doe

90. On January 22, 2019 Plaintiff requested and participated in an Excessive Use of Force Interview, however, Plaintiff could only reinact the incident without identifying those involved by name because he was blinded from the MK-4-0C pepper spray.

91. On January 23, 2019 while still on crisis bed Plaintiff was issued an District Attorney referral and Lock up Order (114 d) for Serious Bodily Injury on a Peace Officer

92. Plaintiff was completely unaware that a Peace Officer broke his hand in the January 19, 2019 incident, however, Plaintiff finally had a name of a defendant

93. Upon information and belief the ASU supervisor defendant Sgt Martin fractured his hand while battering Plaintiff, then falsified reports (state documents) framing Plaintiff see exhibit "8-A"

94. When Plaintiff recieved the incident reports he finally had all the names of the defendants involved in their own partial admissions.

95. Defendants all either had hand or arm injuries and oc-spray on them on their CDCR 7219 (indicative of offensive injuries) see exhibit "9"

96. While on crisis bed Plaintiff ~~again~~ again spoke with defendant H. Diaz and she said, "I see you finally made it back here" as if ~~Plaintiff~~ Plaintiffs suicide ideations and attempted suicide was a joke and a game to her.

97. On January 28, 2019 Plaintiff was discharged from crisis bed and re-housed back in Ad-Seg where he had been beaten and framed causing severe anxiety and fear

98. Plaintiff was purposely placed in cell #123 which plumming didn't work, specifically, the sink didn't drain and feces would rise in Plaintiffs sink when the adjacent cell would run his water.

99. Plaintiffs cell smelled like sewage

100. Plaintiff had to use his only drinking cup to scoop the sewage water out his sink and pour it into the toilet to prevent the water from over flowing onto his cell floor

101. Plaintiff asked defendant Sgt. Stanley to move cells however was informed Plaintiff was placed in this cell on purpose for breaking ~~the~~ defendant Martins' hand, "Your on the shit list"

102. Plaintiff made several request for another cup for drinking however was denied

103. Plaintiffs clinician Psychologist Leathers noticed his inhumane living conditions and spoke with custody and tried to get Plaintiff another cup

104. Custody inform Dr. Leathers Plaintiff would get a cup but didn't give him one

105. When Plaintiff washed his face and brushed his teeth the backsplash would come on Plaintiff

106. Plaintiff made several request to defendants c/o Arrozola (who worked his section 2nd watch) and c/o Aguilar (who worked his section 3rd watch) both verbally and in writing to submit work orders with plant operations to fix the plumming or move Plaintiff from cell #123.

107. Both defendants Aguilar and Arrozola informed Plaintiff there was

1  no cells available and that they had submitted work orders to fix the plumming,

2  however, upon information and belief, they both lied.

3  108. Plaintiff submitted a request to defendant Sgt. Stanley requesting that the

4  plumming be fixed even though Sgt. Stanley had previously informed Plaintiff

5  he was on the shit list.

6  109. Defendant Sgt. Stanley told Plaintiff that he submitted a work order, however,

7  upon information and belief, defendant Sgt. Stanley lied.

8  110. Defendants Sgt. Stanley, c/o Arrozola, and Aguilar told Plaintiff that he

9  was getting "The Treatment" because he/Plaintiff was on "The shit list" for

10  filing an excessive force complaint on the January 19th 2019 incident and that

11  Plaintiff had nothing coming so stop asking

12  111. Plaintiff attempted to submit a CDCR Form 22 explaining the inhumane

13  conditions he was being subjected to in retaliation but defendant c/o Aguilar

14  refused to sign it unless Plaintiff retracted the word "retaliation" for excessive

15  force complaint  See exhibit "10"

16  112. Plaintiff wrote and sent a letter to defendant Pfeiffer, Warden of KVSP

17  explaining the inhuman conditions, then followed up with a CDCR Form 22

18  however, recieved no response nor problem corrected  See exhibit "10-A"

19  113. Plaintiff on one occasion forgot to wash out the cup he used to scoop feces

20  out his sink and used it to take his medication at pill call with the contaminated

21  cup and became sick  see exhibit "11"

22  114. Plaintiff filed and submitted an Excessive Force Appeal Complaint on January

23  22, 2019; Appeal Log #: KVSP-0-19-00289; FLR was Bypassed; SLR was granted

24  in part on 3/8/2019; TLR was Denied on 10/15/2019  see exhibit "12"

25  115. On February 19, 2019, Plaintiff filed a Emergency 602 PREA Log #: KVSP-0-19-

26  00664, FLR was bypassed (First Level Review hereinafter FLR); Second Level Review was

27  Granted in part on June 6, 2019; The Third Level Review was denied on 10/2/2019

28  116. On February 21, 2019 Plaintiff filed filed an appeal concerning the inhumane

living conditions of his confinement he was subjected to: First Level Review was Denied on March 16, 2019. The Second Level Review was also denied on 6/7/2019; The Third Level Review was denied on October 11, 2019  Log#: KVSP-0-19-00727 see exhibit "13"

117. On February 27, 2019 KVSP Plant Operation came and finally fixed Plaintiff Plumming and Plaintiff asked, "why did it take so long?"

118. The Plant Operations worker JohnDoe informed Plaintiff there was never a work order submitted.

119. Upon information and belief, Plaintiff was purposley subjected to these inhumane living conditions for approx. 31 days

120. In April 2019 Plaintiff requested a Olsen Review whereupon Plaintiff discovered that, defendant H. Diaz had documented her reasoning for denying Plaintiff Suicide intervention

121. Defendant H. Diaz fabricated by attributing a statement allegely made by Plaintiff, "I want to go to crisis bed to use the phone, there's better food, and it's more light". Plaintiff never said this

122. Defendant H. Diaz also lied stating that Plaintiff told her, "Your the reason I beat up the police". Again Plaintiff never said this. Plaintiffs CDCR 7219 shows whis the one that was beat. see exhibit "14"

123. Plaintiff filed a complaint against defendant H. Diaz Log # KVSP-SC-19-000017, Institutional Level Response. Denied on 6/25/2019, Head Quarter Level Response "No Intervention" on 7/24/2019

124. Plaintiff was found guilty of the Rules Violation Report Battery on a officer despite the lack of factual evidence the hearing officer stating, "I can't go against my own officers, I know it's impossible for this to have happen, you can appeal it".

125 Plaintiff was given a 39 month Security Housing Unit term as further punishment

126. Plaintiff suffered and complained of blurry vision and was sent to the eye doctor

127. As a result of the blunt blows to the face Plaintiff now has Traumatic Glacoma see exhibit "15"

128. Plaintiff has to take eye drops and vision can worsen

129. Plaintiff already recieved headaches from time to time, however, since the incident has suffered headaches more lasting throughout the day. The pain becomes so unbearable that Plaintiff usually cannot stand and loses vision

130. Plaintiff suffers from PTSD and have severe panic attacks, Plaintiff also has nightmares requiring medication to help him sleep. See exhibit "16"

131. Plaintiffs left shoulder joint has been in pain since the defendants stepped on it while he was on the ground

132. Plaintiff has undergone several sessions of Physical therapy, however, it has not work. Plaintiff is awaiting results of a resent MRI  see exhibit "17"

133. Plaintiff has and still suffers ~~emotional injuries~~ emotional injuries for the anguish and psychological torture he endured in the events stated in this claim   see exhibit "18"

Cause of Action

(42. U.S.C. §1983 8ᵗʰ Amendment to the United States Constitution)

134. The allegation contained in paragraph 19 through 133, inclusive, are hereby incorporated by reference.

135 Defendants Martin, Reed, Diaz, Ramirez, and Marin violated Plaintiffs right to be free from cruel and unusual punishment gauranteed to the Plaintiff by the Eighth Amendment of the United States Constitution by their actions of intimidation, abuse, harassment and other violations of law against Plaintiff.

136. Defendant Martin violated Plaintiffs rights to be free from cruel and unusual punishment guaranteed to the Plaintiff by the Eighth Amendment of the United States Constitution by participating in and directed the violations against Plaintiff, and his failure to adequately supervise the correctional officers subordinate to him

137. Defendants wrongful actions alleged herein are in violation to 42 u.s.c §1483 because they have deprived Plaintiff of rights, benefits, and privileges Secured by the United States Constitution

138. Defendants Martin, Reed, Diaz, Ramirez, and Marin acted under color of state law

139. Defendants Martin, Reed, Diaz, Ramirez, and Marin knew or should have known that their conduct, attitudes and actions created unreasonable risk of serious harm to Plaintiff

140. The actions and conduct of defendants Martin, Reed, Diaz, Ramirez, and Marin demonstrate deliberate indifference to Plaintiffs Eighth Amendment Rights

141 As a proximate result of the defendants Martin, Reed, Diaz, Ramirez, and Marin's violation of Plaintiff right to be free from cruel and unusual punishment while at Kern Valley State Prison, Plaintiff has suffered, is suffering, and will continue to suffer irreparable harm

142. As a direct and foreseeable result of the defendants violations of

1 the Eighth Amendment, Plaintiff has suffered, is suffering and will continue to suffer

2 injuries in the form of damage to eyes, left shoulder, and other injuries.

3 143. As a direct and foreseeable result of the defendants violations of the Eighth Amendment

4 Plaintiff has suffered, is suffering, and will continue to suffer injuries in the form of

5 pain and suffering, shame, humiliation, degradation, emotional distress, embarrassment,

6 mental distress, post trumatic stress and other injuries

7 144. An actual controversy exists between Plaintiff and defendants concerning their

8 rights, privileges, and obligations.

9 145. Defendants Martin, Reed, Diaz, Ramirez, and marin acts were willful, intentional,

10 malicious, wanton, and despicable in conscious disregard of Plaintiffs rights, entitling

11 Plaintiff to an award of exemplary damages

12                          Second Cause of Action

13              42 U.S.C. §1983 8th Amendment to the United States Constitution

14 146. The allegations contained in paragraphs    through    inclusive are hereby

15 incorporated by reference

16 147. Defendants Aguilar and Figueroa violated Plaintiffs right to be free from cruel

17 and unusual punishment guaranteed to the Plaintiff by the Eighth Amendment of the

18 United States Constitution by their actions of failing to intervene and other violations

19 of law against Plaintiff

20 148. Defendants wrongful actions alleged herein are in violation of 42 U.S.C. §1983

21 because they have deprived Plaintiff of rights, benifits, and privleges secured by the

22 United States Constitution

23 149. Defendants acted under color of state law

24 150. Defendants knew or should have known that their conduct, attitudes, and actions

25 created an unreasonable risk of serious harm to Plaintiff

26 151. As a proximate result of the defendants actions of Plaintiffs right to

27 be free from cruel and unusual punishment while he was at Kern Valley state

28 Prison Plaintiff has suffered, is suffering, and will continue to suffer irreparable harm

152. As a direct and foreseeable result of the defendants violations of the Eighth Amendment, Plaintiff has suffered, is suffering, and will continue to suffer physical injuries in the form of damage to his eyes, left shoulder, and other injuries.

153. As a direct and foreseeable result of the defendants violations of the Eighth Amendment Plaintiff has suffered, is suffering, and will continue to suffer physical injuries in the form of pain and suffering, shame, humiliation, degradation, emotional distress, embarrassment, mental distress, post trumatic stress, and other injuries

154. An actual controversy exist between Plaintiff and Defendants concerning their rights privileges, and obligations

155. Defendants acts were willful, intentional, malicious, wanton, and despicable in conscious disregard of Plaintiffs rights, entitling Plaintiff to an award of examplary damages

Third Cause of Action

42 U.S.C. §1983  8th Amendment to the United States Constitution

156. The allegations contained in paragraph ___ through ___, inclusive, are hereby incorporated by reference.

157. Defendants H. Diaz and Bradford violated Plaintiff right to be free from cruel and unusual punishment guaranteed to the Plaintiff by the Eighth Amendment of the United States Constitution by their actions of failing to act on their knowledge of substantial risk of serious harm of Plaintiff suicidal ideations, intimidation, abuse, harassment and other violations of law against Plaintiff

158. Defendants wrongful actions alleged herein are violations of 42 U.S.C. §1983 because they have deprived Plaintiff of rights, benefits, and privileges secured by the United States Constitution

159. Defendants acted under color of state law

160. Defendants knew or should have known that their actions, conduct, attitudes, created an unreasonable risk of serious harm to Plaintiff

161. The actions and conduct of denfendants demonstrate deliberate

1 | indifference of Plaintiffs Eighth Amendment rights by knowing of and disregarding the

2 | excessive risk of Plaintiff health and safety "suicidal" and documenting false statement

3 | for denial of intervention

4 | 162. As a proximate result of the defendants violation of Plaintiffs right to be free

5 | from cruel and unusual punishment while he was at Kern Valley State Prison, Plaintiff has

6 | suffered, is suffering, and will continue to suffer irreparable harm

7 | 163 As a direct and foreseeable result of the defendants violations of the Eighth

8 | Amendment, Plaintiff has suffered, is suffering, and will continue to suffer physical

9 | injuries in the form of pain and suffering damage to his rectum

10 | 164. As a direct and foreseeable result of defendants violations of the Eighth Amendment

11 | Plaintiff has suffered, is suffering, and will continue to suffer injuries in the form of pain

12 | and suffering, emotional distress, mental distress, and other injuries

13 | 165. An actual controversy exist between Plaintiff and defendants concerning their rights

14 | privileges, and obligations

15 | 167. Defendants acts were willful, intentional, malicious, wanton, and despicable

16 | in conscious disregard of Plaintiffs rights, entitling Plaintiff to an award of

17 | exemplary damages.

18 | Fourth Cause of Action

19 | 42 U.S.C. §1983 8th Amendment of the United States Constitution

20 | 168. The allegations contained in paragraphs through , inclusive, are hereby

21 | incorporated by reference as

22 | 169. Defendants Stanley, Aguilar, Arrozola, and Pfieffer violated Plaintiffs right

23 | to be free from cruel and unusual punishment as guaranteed to the Plaintiff by the

24 | Eighth Amendment of the United States Constitution by their subjection to inhumane

25 | living conditions in retaliation of Plaintiff filing a excessive force complaint.

26 | 170 Defendants Stanley, Aguilar, Arrozola, and Pfieffer violated Plaintiffs right to

27 | be free from cruel and unusual punishment guaranteed to the Plaintiff by the

28 | Eighth Amendment of the United States Constitution by their failure to respond to

1  Plaintiffs inhumane living conditions out of retaliation even though they were
2  aware that the living condition had a substantial risk of causing harm
3  171. Defendants Stanley, Aguilar, Arrozola, and Pfeiffer wrongful actions alleged
4  herein are in violation of 42 U.S.C. §1983 because they have deprived Plaintiff of
5  rights, benefits, and privileges secured by the United States constitution
6  172. Defendants acted under color of state law)
7  173. Defendants knew or should have known that their conduct, attitudes, actions,
8  and failure to act created an unreasonable and unnecessary risk of serious
9  harm to Plaintiff
10  174. The actions and conduct of defendants demonstrate deliberate
11  indifference to Plaintiffs Eighth Amendment rights
12  175. As a proximate result of the defendants violations of Plaintiff right to
13  be free from cruel and unusual punishment while at Kern Valley State Prison,
14  Plaintiff has suffered, is suffering, and will continue to suffer irreparable harm
15  176. As a direct and foreseeable result of the defendants violations of the
16  Eighth Amendment, Plaintiff has suffered, is suffering, and will continue to
17  suffer injuries in the form of fever, diarreah, dizziness, sleep deprivation, PTSP,
18  and other injures
19  177. As a direct and foreseeable result of defendants violations of the Eighth
20  Amendment, Plaintiff has suffered, is suffering, and will continue to suffer
21  injuries in the form of pain and suffering, shame, humiliation, degradation, fear,
22  emotional distress, severe mental distress and other injures
23  178. An actual controversy exist between Plaintiff and defendants concerning their
24  rights, privileges, and obligations
25  179. Defendants acts were willful, intentional, malicious, sadistic, wanton, and
26  clearly despicable, in conscious disregard of Plaintiffs most basic and fundamental
27  rights, entitling Plaintiff to an award of great and exemplary damages
28

Prayer For Relief

WHEREFORE, Plaintiff request the court grant relief as follows

A) Issue a declaratory judgment stating that;

1. The physical abuse of the Plaintiff by defendants Martin, Reed, E. Diaz, Ramirez, and Marin, violated Plaintiffs rights under the Eighth Amendment and Fourteenth Amendment to the United States Constitution and constituted an assault and battery under state law upon Plaintiff

2. Defendants Aguilar and Figueroa's failure to take action to curb the physical abuse of Plaintiff, violated the Plaintiffs rights under the Eighth Amendment to the United States Constitution and constituted an assault and battery under state law.

3. Defendants Stanley, Arrozula; Aguilar, and Pfeiffer actions and or inactions of not providing Plaintiff with proper sanitation and proper plumming created a inhumane living condition and upon notice the failed to act in a reasonable time to remove the serious risk of harm violated Plaintiffs Eighth Amendment to the United States Constitution and constituted . cruel and unusual punishment of the Plaintiff

4. Defendants Heather Diaz and John Bradford inactions of failing to act on Plaintiffs suicidal ideations and documenting false statements to prevent plaintiff from intervention "Crisis Bed" created an unnecessary risk of Plaintiffs health and safety violated Plaintiffs Eighth Amendment right

5. Defendant Pfeiffer failure to take action upon notice in providing a reasonable living condition in a reasonable time created a unreasonable risk of serious harm to Plaintiff and violated Plaintiffs Eighth Amendment right to be free from cruel and unusual punishment

6. Defendants Stanley, Arrozola, and Aguilar actions of not submitting work orders in retaliation of Plaintiff filing a excessive force appeal constituted a violation of Plaintiff 1st Amendment rights of the United states constitution

B) Issue an injunction ordering defendants Christian Pfeiffer to:

1. Release the Plaintiff from punitive previous actions taken against him illegally; meaning expunge the disciplinary finding described in this action and reference thereto:

2. Restore forefeicted good time credits

3. Fire John Martin, Anthony Reed, Christian Ramirez, Ernesto Diaz, and Mann from CDCR, and never allow either the opportunity to work in the department ever again;

4) Dismiss the falsified charge of Battery causing injury

5) Fire Heather Diaz and John Bradford from CDCR and never allow them to practice in the department as mental health staff again, or re-apply

c) Award comensatory damages in the following amounts:

1. $800,000 jointly and severally against defendants Martin, Reed, E. Diaz, Ramirez, and Mann for the physical and emotional injuries sustained as a result of plaintiffs beating

2. $100,000 jointly and severally against defendants Aguilar and Figueroa for failing to intervene resulting in physical and emotional injuries sustained as a result of Plaintiffs beating

3. $100,000 jointly and severally against defendants Aguilar, Stanley, and Arrozola for the physical and emotional injuries sustained as a result of Plaintiffs subjection to inhumane living conditions

4. $50,000 jointly and severally against defendant H. Diaz and J. Bradford for the physical and emotional injury resulting from their failure to provide adequate mental health care to the Plaintiff

5. $10,000 against defendant C. Pfeiffer for the physical and emotional injuries sustained as a result of Plaintiffs inhumane living conditions

D) Award punitive damages in the following amounts:

1. $25,000 each against defendants Martin, Reed, E. Diaz, Ramirez

2. $50,000 against defendant Martin

3. $25,000 each against defendants Stanley, Arrozola, Figueroa and Aguilar

4. $20,000 each against defendants H. Diaz and J. Bradford

5. $10,000 against defendant C. Pfieffer

E) 1. Award Plaintiff the cost of suit and reasonable attorneys fees; and

2. Grant Plaintiff such other relief as the court deems just and proper

Verification

Pursuant to 28 U.S.C. §1746, I David Evans, hereby, declare and verify under penalty of perjury under the laws of the United States of America, that I have read the foregoing and that it is all true and correct to the best of my knowledge.

Executed on the 24th day of ~~Qcofeso~~ February, 2022, in the County of Solano, City of Vacaville, California, at California Medical Facility State Prison.

2/24/2022

Respectfully submitted,

David Evans

California Medical Facility Q 323

P.O. Box 2000

Vacaville, Ca 95696

David Evans # AU6627
California Medical Facility
P.O. Box 2000
Vacaville, CA 95696

1

2

3    In The United States District Court

4    For The Eastern District of California

5

6  David Evans                              Case No

7     Plaintiff

8  v.                                       Declaration of:

9  Ernesto Diaz et al,                      David Evans (Plaintiff)

10    Defendants

11

12   I, David A. Evans, declare as follows:

13   1.   I am a prisoner of the California Department of Corrections and Rehabilitations

14  currently housed at California Medical Facility in Vacaville California.

15   2.   While housed at Kern Valley State Prison in Delano California I was subjected to cruel

16  and unusual punishment in several forms

17   3.   I was subjected to inhumane living conditions in retaliation by for filing an

18  excessive force appeal by named defendants ~~smith~~ Stanley, Arruzola, and Aguilar by

19  refusing to submitt work orders to fix Plaintiffs plumming and or move Plaintiff to another

20  cell

21   4.   On January 19, 2019 i informed medical i was feeling suicidal and was placed

22  in a Ad Seg holding cage

23   5.   Plaintiff began to bang his head on the holding cage cell and without warning

24  was pepper sprayed by defendant E. Diaz.

25   6.   Do to it being difficult to breathe Plaintiff began to mule kick the holding cage door

26  for help

27   7.   The Treatment room door was shut to create a gas chamber effect  and when opened

28  upon information and belief Correctional Officer Diaz and Ramirez (defendants) both sprayed

1  Plaintiff again then reclosed the door to ~~there~~

2  8. Plaintiff heard officers talking in the hallway and upon information and belief, Sgt Martin

3  stated, "Let's do this the right way, grab the riot shield, helmet, and face shield.

4  9. Plaintiff was sitting down in the holding cage and without provocation,

5  defendants Diaz, Ramirez, Reed, Marin, and Martin upon information and belief

6  ~~dede~~ conducted a cell extraction

7  10. I, Plaintiff was beat with a baton by the defendants then legs were shackled

8  and upon information and belief E. Diaz and Ramirez drug Plaintiff by the chain

9  of the leg restraints into the hallway

10  11. In the hallway I was beat by all defendants Martin, Ramirez, Reed, Diaz, and

11  Marin until I was Knocked unconscious, during this beating Martin broke his hand

12  punching me

13  12. Upon Information and belief Aguilar and Figueroa were all in the area and had

14  a reasonable opportunity to take action to curb the physical abuse I endured,

15  however, failed to do so

16  13. I, Plaintiff was escorted to the shower for decontamination. I could hear

17  officers talking about the boot prints on my T-shirt and boxers from the Kicks

18  during the beating

19  14. My clothes were cut off, however, I was unable to get under the water because

20  it was too hot and I complained

21  15. Even though I ~~pa~~ requested to be covered up it was denied and I was walked naked

22  down the tier infront of other inmates, and male and female staff

23  16. I had to go to the outside hospital where I recieved stitches and treated for contusion

24  and concussion.

25  17. I was withheld suicidal intervention by Dr. H. Diaz and J. Bradford both defendants

26  and they both fasley documented reasons for not admitting me to crisis bed.

27  18. I attempted to kill myself by swallowing 2 razors

28  19. I became sick do to the unreasonable risk of serious harm (living conditions) by

1  an accidently drinking from a cup I used to scoop terol out my sink.

2  20. I was falsely written up for Martins broken hand that he fractured punching

3  me, I was found guilty and assessed a 39 month SHU Term.

4  21. All these events plaintiff was subjected to because I was feeling suicidal and

5  reached out for help.

6       I declare under penalty of perjury under the laws of the United States

7  of America, that the foregoing is true and correct.

8       Executed on the 24th day of February, 2022, in the County of Solano, city of

9  Vacaville, California, at California Medical Facility State Prison

10

11  2/24/2022

12  Respectfully Submitted

13  David Evans

14  David Evans

15

16

17

18

19

20

21

22

23

24

25

26

27

28